805 S.E.2d 763

## In the MATTER OF Lisabeth Kirk ROGERS, Respondent.

**Appellate Case No. 2017-001159**
**Opinion No. 27740**

Supreme Court of South Carolina.

Submitted September 14, 2017

Filed October 4, 2017

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Lisabeth Kirk Rogers, of Seneca, pro se.

PER CURIAM:

In this attorney disciplinary matter, the Office of Disciplinary Counsel and Respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, Respondent admits misconduct and consents to the imposition of a public reprimand or a suspension not to exceed one year. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

## Facts and Law

Respondent was employed by Oconee Medical Center (OMC) as General Counsel. A patient at OMC had no family or friends to care for her, so Respondent volunteered to act as her guardian and conservator. Respondent did not discuss the possible conflicts of interest that could arise out of her appointment with the patient and did not get the patient to waive these conflicts.

Respondent billed the patient for her time as conservator; the patient's bills totaled $8,687. The patient's home needed repairs, and Respondent hired her son to do cleaning and repair work on the home for $10 per hour. Respondent paid

her son a total of $700. Respondent's son had a history of drug abuse, but Respondent believed him to be sober at that time. Respondent gave her son permission to stay in the home while he was working as he did most of the work at night after his day job. At some point, Respondent's son moved into the patient's home. Respondent was not aware of her son's move into the home, but she acknowledges she would have known if she had inspected the utility bills she was paying on the patient's behalf.

Respondent admits she did not properly monitor the work her son was performing at the patient's house. She states she had meningitis and was required to be hospitalized both in and out of state over a three month period during the time her son was working on the house. When Respondent returned to work, she discovered the patient's home had been vandalized by her son and/or his friends. She also discovered her son had forged the patient's name to the patient's car title and sold the patient's car. Additionally, her son had sold some of the patient's possessions. Respondent promptly reported the matter to the police.

Respondent was arrested and charged with Failing to Report Exploitation of a Vulnerable Adult by the Seneca Police Department. She was accepted into pretrial intervention program (PTI), and her charge was expunged. Respondent made full restitution, including all fees she collected, and apologized to the patient. She also performed 48 hours of community service and attended a class required of all PTI participants. [1]

Respondent admits her conduct violated Rule 1.7 (lawyer shall not represent client if representation involves concurrent conflict of interest; concurrent conflict of interest exists if there is significant risk that representation of client will be materially limited by lawyer's personal interest) and Rule 8.4 (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct or do so through the acts of another; it is professional misconduct for lawyer to engage in conduct

---

[1]. By order dated March 22, 2016, Respondent was placed on interim suspension based on this criminal charge. With the filing of this opinion, this interim suspension has been dissolved. *See* Rule 2(n), RLDE (defining an interim suspension as a "temporary suspension from the practice of law pending a final determination in any proceeding under these rules.").

involving dishonesty, fraud, deceit or misrepresentation) of the Rules of Professional Conduct contained in Rule 407, SCACR. Respondent admits these violations constitute grounds for discipline under Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute administration of justice or bring legal profession into disrepute or conduct demonstrating unfitness to practice law), RLDE, Rule 413, SCACR.

## Conclusion

We find Respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand Respondent for her misconduct.

**PUBLIC REPRIMAND.**

BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.